**UNITED STATES COURT OF APPEALS**
**Filed 7/5/96**
**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

AMOS ELMER PERKINS,

    Defendant-Appellant.

No. 96-7023
(D.C. No. CR-95-51)
(E.D. Oklahoma)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY, EBEL** and **HENRY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

---

[*]  This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Amos Perkins pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  He was sentenced to 65 months imprisonment.  In determining his sentence, Mr. Perkins received a base offense level of 20 because he had a prior conviction for a crime of violence.  *See* USSG §2K2.1(a)(4)(A).  On appeal Mr. Perkins contends:

> Oklahoma's manslaughter statute does not include as an essential element the 'use, attempted use, or threatened use of physical force against the person of another,' and is, therefore, ambiguous, requiring the federal sentencing court to look beyond the statutory count of conviction to determine whether violation of Oklahoma's manslaughter statute is a 'crime of violence' for purposes of sentencing enhancement under U.S.S.G. §2K2.1(a)(4)(A).

The district court rejected the above argument and found:

> [A] crime of violence is defined in Section 4B1.2 of the guidelines as any offense under federal or state law punishable by imprisonment for a term exceeding one year that has, as an element, the use, attempted use, or threatened use of physical force against the person of another.
>
> The commentary to the guidelines goes on to identify manslaughter specifically as a crime of violence without regard to underlying intent or lack thereof.

We agree with the district court's findings and affirm.

The Sentencing Guidelines define a crime of violence as:

> (1) ... any offense under federal or state law punishable by imprisonment for a term exceeding one year that
>
> > (i)　　has as an element the use,

> attempted use, or threatened
> use of physical force against
> the person of another, or
>
> (ii)   is burglary of a dwelling,
>        arson, or extortion, involves
>        use of explosives, or otherwise
>        involves conduct that presents
>        a serious potential risk of
>        physical injury to another.

USSG §4B1.2.  The applicable commentary lists manslaughter among ten specific offenses which by definition are considered crimes of violence under the guidelines.  USSG §4B1.2, comment. (n.2).  Relying on the commentary to the guidelines is "essential in correctly interpreting and uniformly applying the guidelines on a national basis."  *United States v. Rutter*, 897 F.2d 1558, 1561 (10th Cir.), *cert. denied*, 498 U.S. 829 (1990).

Mr. Perkins does not dispute that he has three prior state convictions of first degree manslaughter for which he served a term of imprisonment greater than one year.  Instead, he claims the Oklahoma statute which defines first degree manslaughter encompasses conduct that might not present serious potential risk of injury to others.  Because of the statute's ambiguity, Mr. Perkins contends the government needed to produce the charging papers and court documents related to the findings of guilt in the manslaughter cases to determine whether the conviction was for a crime of violence.

Although the government did not produce the above mentioned documents, it did provide unchallenged evidence at the sentencing hearing and in the presentence report that the manslaughter convictions stemmed from a car accident in which three passengers were killed while Mr. Perkins was driving while under the influence of alcohol. We are persuaded by the government's arguments that driving a car with three passengers on public roads while under the influence of alcohol constitutes conduct which presents "a serious risk of physical injury to others."

For the above stated reasons the district court's order is **AFFIRMED.**

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge